IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JESSICA L. ANGELI ) | |
| ) | No. 3-10-1135 |
| v. ) | |
| ) | |
| SOCIAL SECURITY ) | |
| ADMINISTRATION ) | |
| Commissioner of Social Security ) | |

TO:     Honorable Thomas A. Wiseman, Jr., Senior District Judge

## REPORT AND RECOMMENDATION

The plaintiff, proceeding pro se (without an attorney), filed this action on December 2, 2010, to obtain judicial review of the final decision of the Commissioner of the Social Security Administration, denying the plaintiff's claim for Supplemental Security Income benefits ("SSI") as provided by the Social Security Act.

The plaintiff, Jessica Angeli, was born on September 19, 1991, and was 12 years old when her mother, Janice Angeli, filed an application for SSI on her behalf in July of 2004. (Tr. 16, 55-57.) When this action was filed, the plaintiff had reached her majority.

The defendant filed an answer and the certified administrative record on February 7, 2011 (Docket Entry Nos. 11-12). By order entered March 7, 2011 (Docket Entry No. 13), the plaintiff was given 30 days to file a motion for judgment on the record and accompanying memorandum.[1] The order set forth with specificity what should be included in the motion and memorandum. The plaintiff did not file a motion for judgment on the record or seek an extension of time to do so within the 30 day time period.

---

[1] That order was sent to the plaintiff by certified mail and the undated green, return receipt card was signed by the plaintiff and returned to the Clerk's Office on March 11, 2011. See Docket Entry No. 15.

On May 6, 2011, the defendant filed a motion (Docket Entry No. 16) to show cause why the complaint should not be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for the plaintiff's failure to prosecute this case and for the plaintiff's failure to comply with the March 7, 2011, order. By order entered May 9, 2011 (Docket Entry No. 17), the defendant's motion was granted to the extent that the plaintiff was directed to file, by May 23, 2011, a motion for judgment on the administrative record and accompanying memorandum or file a motion for additional time to do so.[2] The plaintiff was specifically warned that her failure to make any filing by May 23, 2011, could result in her case being dismissed.

The plaintiff has not filed a motion for judgment on the record, filed a motion to extend the time to do so, or made any filings in this case.

Rule 16(f)(1) of the Federal Rules of Civil Procedure provides that:

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii) if a party . . . (C) fails to obey a scheduling or other pretrial order.

Pursuant to Rule 37(b)(2)(A)(v), as assimilated into Rule 16(f), the Court may dismiss an action.

It is well-settled that federal trial courts have the inherent power to manage their own dockets. Link v. Wabash R.R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). In addition, Rule 41(b) of the Federal Rules of Civil Procedure allows the Court to dismiss an action for the "failure to prosecute or to comply with these rules or any order of court." Pursuant to Rule 41(b), the Court may dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. See Bishop v. Cross, 790 F.2d 38 (6th Cir. 1986); Patterson v. Township of Grand Blanc, 760 F.2d 686, 688

---

[2] That order was mailed to the plaintiff by certified mail and the green, return receipt card was signed by Ashley Wilson on May 12, 2011. See Docket Entry No. 19.

(6th Cir. 1985) (per curiam); <u>Carter v. City of Memphis, Tennessee,</u> 636 F.2d 159, 161 (6th Cir. 1980).

The plaintiff has had ample opportunity to prosecute this case. She was notified of her obligation to file a motion for judgment on the record by order entered March 7, 2011. Upon the plaintiff's failure to file such a motion within 30 days, by order entered May 9, 2011, the Court directed the plaintiff to file, by May 23, 2011, a motion for judgment or file a motion for an extension of time to do so. However, the plaintiff has failed to take any action pursuant to either order.

In addition, the plaintiff was clearly put on notice by the defendant's motion for an order to show cause why her complaint should not be dismissed and by the Court's May 9, 2011, order that the case could be dismissed for her failure to prosecute if she took no further action. Despite such notice, the plaintiff has made no filings since her original complaint and has failed to communicate with the Court in any form or fashion.

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that this action be dismissed for the plaintiff's failure to prosecute this case, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and for her failure to comply with the orders entered March 7, 2011 (Docket Entry No. 13), and May 9, 2011 (Docket Entry No. 17), pursuant to Rules 16(f) and 37(b)(2)(C) of the Federal Rules of Civil Procedure.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation, and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. <u>See Thomas v. Arn,</u>

474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

      Respectfully Submitted,

      _____
      JULIET GRIFFIN
      United States Magistrate Judge